UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF NORTH CAROLINA, ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § Plaintiff, § § v. § § BURKE COUNTY DEPARTMENT § OF SOCIAL SERVICES, § § Defendant. § § | Civil Action No. 1:12-cv-00261-MR-DLH  FILED ASHEVILLE, NC AUG 27 2012 U.S. DISTRICT COURT WESTERN DISTRICT OF NC |

**CONSENT DECREE**

**I.  INTRODUCTION AND BACKGROUND**

1. This action was brought by the United States of America (the "United States") against Burke County Department of Social Services ("Burke County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). In its Complaint, the United States alleges that Burke County discriminated against Ruth Roseboro on the basis of her race, in violation of Section 703(a) of Title VII. Burke County has denied all claims against it.

2. The United States and Burke County desiring that this action be settled by an appropriate Consent Decree ("Decree") without the burden and expense of litigation, agree to the entry of this Decree.

**II.  STIPULATED FACTS**

3. The United States and Burke County agree to the jurisdiction of the Court over the parties and subject matter of this action.

4. For purposes of this Decree, and subject to its approval by the Court, the parties

Page 1 of 8

waive a hearing and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding between themselves as to the issues raised in the Complaint filed by the United States in this case and the matters resolved by this Decree.

5. This Decree, being entered with the consent of the parties, shall not be construed as an admission by the County, or a finding of wrongdoing on the merits of the allegations made in the Complaint, or a violation of any applicable federal or state law or regulation.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## III. PARTIES

6. The parties to this Decree are the United States and Burke County, its current, former and future agents, employees, officials, designees and successors in interests. Burke County has previously resolved all claims asserted by Roseboro in her individual capacity by separate agreement.

## IV. GENERAL INJUNCTIVE RELIEF

7. Burke County, its employees, supervisors and agents, jointly and severally, shall not engage in any act or practice that has the purpose or effect of unlawfully discriminating against any employee or prospective employee of Burke County because of his or her race.

## V. BURKE COUNTY'S POLICIES AND PROCEDURES

8. Within sixty (60) days from the date of entry of this Decree, Burke County shall provide to the United States a written policy on harassment and discrimination (the "Policy"), subject to comment and approval by the United States, applicable to all employees and prospective employees of Burke County. The Policy will comply with this Decree and Title VII's prohibition against discrimination, harassment and retaliation. At a minimum, the Policy will include the following:

a. identifying the title and contact information for those persons to whom reports of discrimination, harassment or retaliation should be made and an alternative means of reporting when the designated contact is accused of discrimination, harassment or retaliation;

b. providing a description of how investigations will be handled, and who will conduct the investigations, including an alternative mechanism for investigating claims when the identified person is accused of discrimination, harassment or retaliation;

c. providing an alternative mechanism for investigating a claim of discrimination, harassment or retaliation whenever the alleged harasser is a supervisor;

d. providing specific reporting requirements when suspected discrimination, harassment or retaliation is observed in the workplace, including a description of the disciplinary consequences for failure to report;

e. including posting and distribution requirements for the Policy to include specific areas where the Policy will be posted; the method of distribution to Burke County employees, an acknowledgement form signed by each employee upon receipt of the Policy (and any revision thereto), indicating the date the employee received the Policy to be kept in the employee's file; and

f. requiring annual employee and supervisor training on the Policy.

9. The United States shall review the Policy within thirty (30) days of its receipt and provide notice to Burke County of its approval of the Policy or its proposed changes to the Policy.

10. Within sixty (60) days of receiving approval from the United States of the Policy, Burke County shall:

    a. Distribute the Policy to all current employees and shall post it in all Burke County office locations, both physical and electronic, where other Burke County policies are posted; and

    b. Distribute the Policy to all attendees of any Burke County orientation or training program.

## VI. TRAINING

11. Within one hundred and twenty (120) days from the date of the United States' approval of the Policy, Burke County will provide mandatory training regarding discrimination and harassment for all Burke County employees and supervisors and human resources officials. Continuing through the life of this Decree, Burke County will also conduct this mandatory training on a quarterly basis for all newly hired or promoted employees and newly hired or promoted supervisors and human resources officials responsible for enforcing the Policy, and/or reviewing complaints of harassment, discrimination or retaliation by Burke County employees. Within sixty (60) days from the United States' approval of the Policy, Burke County will submit to counsel for the United States a description of the proposed training program and training provider, and a list of employee positions (with titles) designated to be trained. The United States shall review and approve or provide proposed corrections or comments to the proposed training program within thirty (30) days thereafter.

12. All persons who undergo the training described in Paragraph 11, *supra*, will sign an acknowledgment of attendance at the training. Every six (6) months throughout the duration of this Decree, Burke County will provide the United States with the number of persons, by name and title, who have attended the training. Thirty (30) days prior to the expiration of this Decree, Burke County will provide the United States with written confirmation that all persons covered by Paragraph 11 attended the training. Burke County will keep on file all signed acknowledgments for the duration of the Decree.

13. At least thirty (30) days prior to any scheduled trainings, and except for orientation of new employees or newly promoted employees, Burke County will provide the United States with notice of the date, time, and location of scheduled training. The United States, at its discretion, may send representative(s) to observe the scheduled training. Burke County is under no obligation to modify the date of a proposed training session to accommodate the schedule of a United States representative who may attend. Any dispute regarding whether the substance of the training complies with this Consent Decree shall be resolved in accordance with the Dispute Resolution Procedure set forth below in Paragraph 16.

## VII. REPORTING AND MONITORING

14. For the duration of this Decree, Burke County will provide the United States with copies of any proposed modifications or revisions to Policy and any procedures pertaining to harassment or discrimination for the United States' comments and approval prior to implementation.

15. The United States may review compliance with this Decree at any time during its duration. Burke County agrees to respond to any request relating to compliance made by the United States within twenty-one (21) days from the date of the request, and further agrees to

provide any documents covered by such a request within twenty-one (21) days from the date of the request.

## VIII. MISCELLANEOUS

16. The parties shall attempt to resolve informally any dispute that arises under this Decree. If the parties are unable to resolve the dispute expeditiously, either party may move this Court for a resolution of the issue, provided that written notice has been provided to the other party ten (10) days prior to any motion filed.

17. After one (1) year from the date of the entry of this Decree, this Decree shall expire and this action shall be dismissed, without further order of this Court, unless it is extended by the Court. With respect to the time frames set forth for completion of acts set forth in this Decree, those time frames may be modified upon mutual written consent of the parties. The parties may jointly agree to other modifications of this Decree with the approval of the Court.

18. During the life of this Decree, the Court shall retain jurisdiction over this Decree for the purposes of enforcing its provisions, resolving any disputes that may arise between the parties under it and entering such orders as may be appropriate.

19. The parties shall bear their own costs, expenses and attorneys' fees in this action, including the costs of compliance or monitoring, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by this Court.

20. Service of Documents: The parties agree that service of all documents related to this Decree will be affected by electronic means when possible using the e-mail addresses of counsel set forth below. When electronic means is not possible due to the volume of documents

or nature of documents or things to be produced, the parties agree to the use of standard overnight delivery using the following postal addresses of counsel:

For the United States:

Rachel R. Hranitzky
United States Department of Justice
Civil Rights Division,
Employment Litigation Section
950 Pennsylvania Avenue, NW, PHB 4030
Washington, DC 20530
Telephone: (202) 305-1642
rachel.hranitzky@usdoj.gov

For Burke County:

Sean F. Perrin
**WOMBLE CARLYLE SANDRIDGE AND RICE**
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6025
Telephone: (704) 331-4992
Email: sperrin@wcsr.com

APPROVED AND ORDERED, this 27 day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE
Western District of North Carolina

**AGREED AND CONSENTED TO:**

*For Plaintiff United States of America:*

/s/ Audrey J. Wiggins
/s/ Rachel R. Hranitzky
DELORA L. KENNEBREW
AUDREY J. WIGGINS (NC Bar 22143)
Deputy Chief
RACHEL R. HRANITZKY (TX Bar 0793991)
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW, PHB 4030
Washington, DC 20530
Telephone: 202.305.1642
rachel.hranitzky@usdoj.gov

Anne Tompkins
United States Attorney
Paul B. Taylor
Assistant U. S. Attorney
Civil Chief
Sid Alexander
Assistant U.S. Attorney
U.S. Courthouse, Room 233
100 Otis Street
Asheville, NC 28801
828-271-4661 Telephone

*For Defendant Burke County:*

/s/ Sean F. Perrin
SEAN PERRIN
**WOMBLE CARLYLE SANDRIDGE AND RICE**
One Wells Fargo Center
Suite 3500
301 South College Street
Charlotte, NC 28202-6025
Telephone: (704) 331-4992
Email: sperrin@wcsr.com